BOARD OF EXAMINERS OF ELECTRICAL CONTRACTORS, PLAINTIFF-RESPONDENT, v. S. T. PETERSON & CO., INC., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 27, 1969—Decided August 19, 1969.

600

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. Richard J. Casey* argued the cause for appellant.

*Mr. Douglas J. Harper,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney; *Mr. Elias Abelson,* Deputy Attorney General, of counsel).

The opinion of the court was delivered by

CONFORD, S. J. A. D. Defendant was held liable in the Middlesex County District Court for a statutory penalty for failure to obtain a state business permit required of persons or firms engaged in the business of electrical contracting, pursuant to *N. J. S. A.* 45:5A-9 (one of the sections of the Electrical Contractors Licensing Act of 1962).

According to the Statement of Facts settled by the trial court, to which no objection has been raised, defendant corporation is a general building contractor which in 1966 was engaged to do plant maintenance work, including electrical work, by Shell Chemical Company. Defendant obtains, directly from the union, journeymen electricians to do electrical work of various kinds called for under the plant maintenance agreement. Defendant does no new electrical construction but does do electrical work involving "upkeep and calibration of machines and instruments and installation, replacement, removal and rerouting of electric power lines." Both "repair and preventive maintenance work on production machines" is performed by defendant's electricians.

Defendant argues, first, that it is not an electrical contractor within the meaning of the statute, but does not

clearly explain why. It says that the electrical work it does is merely "incidental" to the general plant maintenance contract. However, this is irrelevant. If the contract does involve engaging in the business of electrical work, as defined by the act, *N. J. S. A.* 45:5A–2(*d*), as here it clearly does, under the trial findings, defendant is subject to the act whether the electrical work is a minor or major part of the contract. Our decision in *Sands v. Board of Examiners of Electrical Contractors*, 90 *N. J. Super.* 82 (*App. Div.* 1966), affirmed 54 *N. J.* 484 (decided July 17, 1969), does not support defendant's position.

■ Next, defendant contends that most of its electrical work is exempted by specific provisions of the act. For example, "[m]inor repair work such as the replacement of lamps and fuses," *N. J. S. A.* 45:5A–18 (*a*) ; "connection of portable electrical appliances to suitable permanently installed receptacles" (18(b)) ; "[t]he testing, servicing or repair of electrical equipment or apparatus" (18(c)). Clearly, under the trial court's findings of fact, a good deal of the electrical work done by defendant would be exempt under one or another of the provisions quoted, especially "testing, servicing or repair" of equipment. But not all of it. The trial court findings also include, as noted above, electrical work of a general maintenance character and also "installation, replacement, removal and rerouting of electric power lines." There is no exemption for these kinds of work, and their performance, insofar as not affirmatively shown by this record to fall within any of the specific statutory exemptions, justifies the conclusion below of comprehension of defendant by the statute and liability for the penalty for failure to secure the required permit.

Defendant also argues for exemption under section 18(k), which exempts electrical work consisting of:

"[r]epair, manufacturing and maintenance work on premises occupied by a firm or corporation, and installation work on existing buildings occupied by a firm or corporation and performed ·by a regular employee who is a qualified journeymen electrician."

██ The argument is that insofar as repair and maintenance work is concerned, the electrician employees need not be employees of the occupier of the premises in order for the exemption to apply, but need be such only in relation to "installation work." Since, however, some installation work is done here, as noted above (installation of lines), and the electricians are not employees of Shell, the interpretation of (k) advanced by defendant would not save it from penalty. However, we do not accept that interpretation as valid, although the provision is concededly poorly drawn, ambiguous, and superficially supportive of the asserted construction. On the basis of the sense of the provision as a whole and in light of its apparent, intended purpose, we concur with the Supreme Court's recent characterization of the substantive import of this particular exemption provision, in *Independent Electricians and Electrical Contractors' Ass'n, etc. v. New Jersey Board of Examiners of Electrical Contractors*, 54 *N. J.* 466, at 480 (decided July 17, 1969) as exempting "electrical repair, manufacturing, maintenance *and installation* on premises occupied by a firm or corporation and performed by a regular employee who is a qualified journeyman electrician" (emphasis ours).[1] We thus conclude that in order for exemption (k) to apply, the working electrician on any of the kinds of work mentioned must be an employee of the occupying firm or corporation.

For the foregoing reasons exemption (k) does not aid defendant's cause.

██ Finally, defendant argues that it is unconstitutionally discriminated against by the distinction made by exemption (k) if it is not held to come within it. The circumstance of the employees being employed by defendant rather than by Shell is argued to constitute an unreasonable distinction, for exemption purposes, viewed from the standpoint of the safety objective of the legislation. However, the Supreme Court

---

[1] We note, however, that the Supreme Court apparently had no occasion expressly to pass upon the constructional argument here advanced by defendant.

seems to have had this very argument in mind in pronouncing the exemption in question free from constitutional objection in the *Independent Electricians and Electrical Contractors' Ass'n* case, cited above (54 *N. J.*, at 481).

Judgment affirmed.